IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORNING INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-1081-SLR |
| | ) |
| DSM DESOTECH, INC. and DSM | ) |
| I.P. ASSETS, B.V., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of April, 2015, having reviewed defendants' motion to dismiss and the papers filed in connection therewith; and having heard oral argument on same;

IT IS ORDERED that said motion (D.I. 6) is denied, based on the reasons that follow.

1. **Background.** The above declaratory judgment action was filed on August 21, 2014 by plaintiff Corning Incorporated ("Corning"). Corning asserts that: (a) defendant DSM I.P. Assets is the assignee, and defendant DSM Desotech the exclusive licensee,[1] of certain patents;[2] (b) Corning does not infringe said patents; and (c) said patents are invalid. (D.I. 1) Rather than filing an answer to the complaint, DSM

---

[1] Defendants shall be collectively referred to as "DSM."

[2] United States Patent Nos. 7,171,103; 6,961,508; 6,339,666; 6,438,306; 6,298,189; and 7,276,543.

filed a motion to dismiss (D.I. 6), arguing that: (a) Corning is a party to an agreement with DSM Desotech for the supply of optical fiber coatings ("the Supply Agreement");[3] (b) Corning's allegations arise from and relate to the Supply Agreement; and (c) the Supply Agreement mandates that any such disputes be heard in the courts of Illinois. Corning responds by arguing that its patent claims do not relate to the Supply Agreement; therefore, the forum selection clause of said agreement has no bearing on the dispute at bar. On the same day that DSM filed its reply brief in support of its motion to dismiss, DSM instituted suit in the United States District Court for the Northern District of Illinois, asserting breach of contract claims against Corning in connection with the Supply Agreement, as well as patent infringement claims against Corning in connection with the same patents at issue in the above captioned case. (*See DSM Desotech Inc. and DSM I.P. Assets B.V. v. Corning Incorporated*, Civ. No. 14-8111-MSS (N.D. Ill.) (D.I. 1)) The Supply Agreement expired by its own terms on December 31, 2014.

2. **Analysis.** The court agrees with Corning's analysis. There is no dispute that the breach of contract claims belong in Illinois. There is also no dispute that Corning filed its declaratory judgment action in Delaware first and that, as such, DSM's patent infringement claims are compulsory counterclaims in the Delaware case. Moreover,

---

[3]Under Article 1 of the supply agreement, Corning was obligated to obtain 100% of its requirements for optical fiber coating from DSM Desotech. Article 3 of the supply agreement anticipated the potential for the production of new products and provided Corning with a limited exception to the 100% requirement. Under Article 3, Corning had to provide DSM Desotech with the opportunity to produce the new coating, having provided DSM with the technical and performance specifications and purchasing requirements. (D.I. 8, Ex. A)

2

counsel for DSM admitted during oral argument that the only issue in dispute vis a vis the Illinois cause of action is whether "Corning misrepresented the **volume**" of their "Kuna" optical coating; i.e., rather than producing the "Kuna" coating in a small volume for a niche market, as contemplated under Article 3 of the Supply Agreement, Corning intended that said coating was going to be its "workhorse coating" rather than using DSM's workhorse coating. (D.I. 41 at 11) (emphasis added)

3. In sum, there are no overlapping substantive issues between the breach of contract claim and the patent infringement and invalidity claims. The only possible overlap is one of evidence in terms of the technical and performance specifications related to Corning's "Kuna" product. The mere possibility of such a factual overlap, however, supports neither a motion to dismiss nor a motion to transfer. Therefore, DSM's motion to dismiss is denied.

IT IS FURTHER ORDERED that Corning's motion to file an amended complaint (D.I. 35) is granted, as I have concluded that Corning's claims are not related to the Supply Agreement, and that there is no compelling reason - in terms of preserving judicial resources - to not follow the first-filed rule and allow the instant Declaratory Judgment action to proceed in plaintiff's choice of venue. A scheduling conference shall be conducted promptly upon receipt of DSM's answer to the amended complaint.

United States District Judge